```
                UNITED STATES DISTRICT COURT
                EASTERN DISTRICT OF LOUISIANA
```

**MYRA ASHMORE**                                                  **CIVIL ACTION**

**VERSUS**                                                        **NO. 21-2184**

**DOLGENCORP, LLC,**                                              **SECTION "B"(4)**
**D/B/A DOLLAR GENERAL**
**CORPORATION**

<u>**ORDER AND REASONS**</u>

Before the Court are defendants' notice of removal (Rec. Doc. 1), plaintiff's motion to remand (Rec. Doc. 11), plaintiff's motion for leave to file a supplemental memorandum in support of her motion to remand (Rec. Doc. 16), and defendants' opposition to the remand motion (Rec. Doc. 18). For the following reasons,

**IT IS ORDERED** that the plaintiff's motion to remand (Rec. Doc. 11) is **DENIED**; and

**IT IS FURTHER ORDERED** that defendant Renee Quinn is dismissed from this litigation because she was improperly joined.

**IT IS FURTHER ORDERED** that plaintiff's motion for leave to file a supplemental response (Rec. Doc. 16) is **GRANTED**, allowing the supplemental memorandum to be filed into the record.

I.   <u>**FACTS AND PROCEDURAL HISTORY**</u>

On September 3, 2019, plaintiff filed a petition for damages in the Civil District Court for the Parish of Orleans, alleging gross and wanton negligence on the part of Dolgencorp, LLC ("Dollar

1

General") and its employee, Renee Quinn ("Quinn") (collectively "Defendants"). See Rec. Doc. 1-2. The petition states that on or about September 1, 2018, plaintiff visited the Dollar General store on Morrison Road in New Orleans, Louisiana. Upon entering, she "turned and fell over a pallet." *Id.* The pallet was allegedly stacked with cases of water, but no cases surrounded the perimeter of the pallet. *Id.* Because of this, plaintiff allegedly "did not see that the base extended out over a foot from the stack of bottled water." *Id.* Plaintiff tripped and fell over the extended portion of the pallet, resulting in her seeking medical attention for her injuries sustained in the accident. *Id.*

On November 24, 2021, defendants removed the case to this Court, alleging diversity jurisdiction as a basis for removal. Rec. Doc. 1. In their notice of removal, defendants argued the section 1332 one-year removal bar should not apply to this case because defendant had "no notice of the suit and was not served, due to no fault of its own." *Id.* at 2-3. Defendants were eventually served with the lawsuit on June 4, 2021. *Id.*

On December 9, 2021, plaintiff filed a motion for an extension of time to remand, asserting that pending discovery responses would bear on her ability to remand the matter to state court. *Id.* On December 10, 2021, defendants filed a timely opposition, arguing that they provided plaintiff with the requested discovery

2

responses on December 3, 2021. Rec. Doc. 9. On December 23, 2021, the court granted plaintiff's motion in part, but only to allow a remand motion based on lack of subject matter jurisdiction. Rec. Doc. 10.

On December 24, 2021, plaintiff filed the instant one-sentence motion to remand, asserting the Court lacks subject matter jurisdiction over this case. Rec. Doc. 11. Plaintiff did not allege the existence of a procedural defect that prevented removal. *Id.* Six days later, plaintiff filed a motion to supplement her motion to remand. Rec. Doc. 16. In her supplemental memorandum, plaintiff presented more detailed arguments as to how the court lacks subject matter jurisdiction, but she also asserted for the first time a procedural defect in the removal process. *Id.* Specifically, she alleged that defendants' removal was untimely. *Id.*

On January 6, 2022, defendants filed an opposition to plaintiff's motion to remand, arguing that their removal was timely and that there is complete diversity between the parties given that defendant Quinn was improperly joined. Rec. Doc. 18.

II.  **LAW AND ANALYSIS**

A. REMOVAL STANDARD

Federal courts are courts of limited jurisdiction. *Manguno v. Prudential Prop. & Cas. Ins. Co.*, 276 F.3d 720, 723 (5th Cir.

3

2002). A defendant may remove a state court action to federal court if the federal court has original jurisdiction over the action. 28 U.S.C. § 1441(a); *Syngenta Crop Prot., Inc. v. Henson*, 537 U.S. 28, 34 (2002). The removing party bears the burden of demonstrating the existence of federal jurisdiction. *See Allen v. R&H Oil & Gas Co.*, 63 F.3d 1326, 1335 (5th Cir. 1995). In assessing whether removal was appropriate, the Court is guided by the principle, that "removal statute[s] should be strictly construed in favor of remand." *Manguno*, 276 F.3d at 723. Furthermore, remand is appropriate if the Court lacks subject matter jurisdiction, and "doubts regarding whether removal jurisdiction is proper should be resolved against federal jurisdiction." *Acuna v. Brown & Root Inc.*, 200 F.3d 335, 339 (5th Cir. 2000) (citing *Willy v. Coastal Corp.*, 855 F.2d 1160, 1164 (5th Cir. 1988)).

Title 28, United States Code § 1447 governs the procedure after removal and provides that all procedural defects must be raised in a motion to remand filed within thirty days of removal. 28 U.S.C. § 1447(c). In the Fifth Circuit, a procedural defect is "any defect that does not go to the question of whether the case originally could have been brought in federal district court." *Baris v. Sulpicio Lines, Inc.*, 932 F.2d 1540, 1544 (5th Cir. 1991); *see also Williams v. AC Spark Plugs Div. of Gen. Motors Corp.*, 985 F.2d 783, 786 (5th Cir. 1993) (holding that a statutory restriction

against removal was a waivable procedural defect). A plaintiff who fails to file a motion to remand based on a procedural defect within thirty days loses the right to challenge the defect. *Elec. Man, LLC v. Maillot*, No. CV 19-10676, 2020 WL 634901, *4 (E.D. La. Feb. 11, 2020); 14C Charles A. Wright & Arthur R. Miller, Federal Practice and Procedure § 3739 (4th ed. 2016) ("After the expiration of the 30-day period following the filing of the removal notice, the right to object to non-jurisdictional defects in the removal process is considered waived."); *Mitchell v. Ace Am. Ins. Co.*, No. CV 15-15, 2016 WL 3013994 (E.D. La. May 26, 2016)(same). However, unlike remand for procedural defects, a motion to remand based on lack of subject matter jurisdiction may be made raised at any time. *Baris v. Sulpicio Lines, Inc.*, 932 F.2d 1540, 1544 (5th Cir. 1991) ("It is beyond doubt that although the parties can waive defects in removal, they cannot waive the requirement of original subject matter jurisdiction—in other words, they cannot confer jurisdiction where Congress has not granted it.").

In *BEPCO, L.P. v. Santa Fe Minerals, Inc.*, plaintiff filed a timely motion to remand asserting two objections, one based on a policy's service of suit clause and one based on lack of subject matter jurisdiction. 675 F.3d 466, 469 (5th Cir. 2012). Approximately one month later, plaintiff asserted another procedural objection that removal was untimely, which the Court

5

found had **not** been waived based on the assertion of the original objections. *Id.* In its reasoning, the Fifth Circuit "conclude[d] that [§ 1447(c)] is unambiguous, and therefore must be enforced according to its terms." *Id.* at 471. The Court ruled that the central inquiry in the timeliness analysis under § 1447(c) is "whether the remand **motion** satisfies the 30-day requirement." *Id.* (emphasis added). In essence, the Court stated that a particular procedural defect could be raised more than 30 days after removal, if the motion to remand itself was filed within the 30-day window provided by § 1447(c). *Id.*

*BEPCO* is the law in this Circuit. However, in light of *BEPCO*'s facts, it is not clear whether it was discussing the "the timing of the remand motion" which already contains a procedural objection which would operate to preserve the assertion of other subsequent procedural objections, or "the timing of the remand motion" which contains absolutely no procedural objection. It's in light of this uncertainty that we turn to other cases for guidance.

Other courts in this jurisdiction have ruled that failure to raise non-jurisdictional grounds for remand within 30 days of removal constitutes a waiver of those arguments. *See Grace v. Myers*, No. CV 15-300-JWD-RLB, 2015 WL 4939893, *3 (M.D. La. Aug. 18, 2015); *Davis v. Ciba-Geigy Corp.*, 958 F. Supp. 264 (M.D. La. 1997); *BEPCO, L.P. v. Santa Fe Mins., Inc.*, No. CIV.A. 11-0132,

2011 WL 4499322 (W.D. La. Apr. 25, 2011), *report and recommendation adopted*, No. CIV.A. 11-0132, 2011 WL 4499359 (W.D. La. Sept. 27, 2011).

For example, in *Davis v. Ciba-Geigy Corp.*, the removed plaintiff asserted only lack of subject matter jurisdiction as a ground for remand. 958 F. Supp. 264, 266 (M.D. La. 1997). Sometime later, the plaintiff for the first time asserted a procedural defect in support of remand. *Id.* The Court found "the filing of a timely motion to remand, which does not allege any defect in removal procedure does not preserve plaintiff's right to object to defect[s] in removal procedure after the 30-day period set forth in 28 U.S.C. § 1447(c) has expired." *Id.*

This case is more akin to *Davis*, *supra*. Defendants removed the present action from state court on November 24, 2021. Thus, plaintiff was required to file her motion to remand based on a procedural defect before the thirty-day deadline on December 24, 2021. Plaintiff did not meet that deadline. Instead, on December 24, she filed a motion to remand alleging only lack of subject matter jurisdiction. Six days later, plaintiff filed a motion for leave to file a supplemental memorandum supporting her motion to remand, arguing both procedural defects and lack of subject matter jurisdiction. Like the plaintiff in *Davis*, Ashmore did not file any procedural defect objections until after the thirty-day period lapsed. Because plaintiff failed to object to a defect in the

7

removal procedure within thirty days of the filing of the notice of removal, the Court finds that plaintiff has waived her objection to any defect in the removal procedure.

Additionally, the Court finds that its decision to disregard plaintiff's untimely procedural objection is proper because to allow such an objection, would not only go against this Court's previously issued order,[1] but it would also set a dangerous precedent that plaintiffs can file one-sentence motions to remand based on lack of subject matter jurisdiction knowing they can file their procedural defect objection after the thirty-day deadline. Because the Court does not wish to set such a precedent here, this opinion will focus on plaintiff's timely objection for lack of subject matter jurisdiction.

### B. LACK OF SUBJECT MATTER JURISDICTION – DIVERSITY

For diversity jurisdiction to exist, all parties must be completely diverse. *McLaughlin v. Miss. Power Co.*, 376 F.3d 344, 353 (5th Cir. 2004). This means that "all persons on one side of the controversy be citizens of different states than all persons on the other side." *Id.* (citing *Harrison v. Prather*, 404 F.2d 267,

---

[1] On December 23, 2021, the court issued an Order and Reasons granting in part plaintiff's request for an extension of time to remand. The Court stated the motion "[was] granted in part only to allow a remand based on lack of subject matter jurisdiction." Additionally, the Court noted "to the extent an extension is sought to assert **a procedural defect in the removal notice beyond the 30-day window**, that request must be disallowed …." Rec. Doc. 10 (emphasis added).

272 (5th Cir. 1968)). Importantly, federal courts "must presume that a suit lies outside [its] limited jurisdiction." *Howery v. Allstate Ins. Co.*, 243 F.3d 912, 916 (5th Cir. 2001). Due to this presumption against federal jurisdiction, the removal statute is to be "strictly construed, and any doubt about the propriety of removal must be resolved in favor of remand." *Gasch v. Hartford Acc. & Indem. Co.*, 491 F.3d 278, 281-82 (5th Cir. 2007). Additionally, the Court must "resolve any contested issues of material fact, and any ambiguity or uncertainty in the controlling state law" in plaintiff's favor. *Morgan v. Chubb Lloyds Ins. Co. of Tex.*, No. 4:21-CV-00100-P, 2021 WL 2102065, at *1 (N.D. Tex. May 25, 2021) (Pittman, J.) (quoting *Griggs v. State Farm Lloyds*, 181 F.3d 694, 699 (5th Cir. 1999)).

Here, plaintiff argues diversity jurisdiction is absent because both she and Quinn are Louisiana citizens. In response, defendants argue the citizenship of Quinn should be ignored because she was improperly joined to defeat diversity. Plaintiff denies this contention and asserts a reasonable cause of action against Quinn for negligence has been properly alleged.

**Defendant Quinn was Improperly Joined**

In the seminal case *Cavallini v. State Farm Mut. Auto Ins. Co.*, the Fifth Circuit stated, in pertinent part,

9

> The burden of proving a fraudulent joinder is a heavy one. The removing party must prove that there is absolutely no possibility that the plaintiff will be able to establish a cause of action against the in-state defendant in state court, or that there has been outright fraud in the plaintiff's pleading of jurisdictional facts. Because no one disputes that the Cavallinis and Cunningham] are Texas residents, our sole concern is whether there is a possibility that that Cavallinis had set forth a valid cause of action against Cunningham. We evaluate all of the factual allegations in the plaintiff's state court pleadings in the light most favorable to the plaintiff, resolving all contested issues of substantive fact in favor of the plaintiff, and then examine relevant state law and resolve all uncertainties in favor of the non-removing party.

44 F.3d 256, 259 (5th Cir.1995) (quotations omitted); *accord Griggs v. State Farm Lloyds*, 181 F.3d 694, 699 (5th Cir.1999). This Circuit has also endorsed the use of summary judgment type procedures for reviewing fraudulent joinder claims. *See Griggs*, 181 F.3d at 700 ("Thus, while we have frequently cautioned the district courts against pre-trying a case to determine removal jurisdiction, a federal court may consider summary judgment-type evidence such as affidavits and deposition testimony when reviewing a fraudulent joinder claim.")

Having considered the petition in the light most favorable to plaintiff, the Court finds that there is no possibility that plaintiff will be able to prove her state law negligence claims against Quinn. In *Canter v. Koehring*, the Louisiana Supreme Court identified four distinct criteria which must be satisfied before

10

an employee can be found liable to a third party for his or her injury:

(1) The principal or employer owes a duty of care to the third person..., breach of which has caused the damage for which recovery is sought;

(2) The duty is delegated by the principal or employer to the defendant;

(3) The defendant...has breached this duty through personal (as contrasted with technical or vicarious) fault. The breach occurs when the defendant has failed to discharge the obligation with the degree of care required by ordinary prudence under the same or similar circumstances...; and

(4) [P]ersonal liability cannot be imposed upon the officer, agent, or employee simply because of his general administrative responsibility for performance of some function of employment. He must have a **personal duty** towards the injured plaintiff, breach of which specifically caused the plaintiff's damages.

283 So. 2d 716, 721 (La. 1973). *See also Anderson v. Ga. Gulf Lake Charles, LLC*, 342 Fed.Appx. 911, 916 (5th Cir. 2009) (quoting *In re* 1994 Exxon Chem. Fire, 558 F.3d 378, 386 (5th Cir. 2009)) ("Canter's four-part test is used to determine whether an employee is individually liable to third persons, even if they are not co-employees.")

In *Rushing v. Wal-Mart Stores, Inc.*, a case similar to the case at bar, a store patron sued Wal-Mart and the store manager for personal injuries she allegedly sustained when two cases of drinks fell from a shelf onto her head while shopping at a Wal-

11

Mart store in Hammond, Louisiana. No. CIV.A. 15-269, 2015 WL 1565064 (E.D. La. Apr. 8, 2015). The action was filed in state court and removed to federal court, despite the apparent lack of complete diversity, on improper joinder grounds. *Id.* at *1. In considering the plaintiff's motion to remand, the court looked to the plaintiff's allegations of negligence against the Wal-Mart store manager. *Id.* at *3. Among other things, plaintiff alleged that the store manager was liable, for: "Failing to maintain proper supervision of its employees; Failing to properly stock the shelves of the subject premises; and Failing to maintain a safe and proper look-out …" *Id.*

Upon review, the court concluded that the plaintiff's allegations against the store manager were insufficient to trigger personal liability, as the plaintiff did not allege that Wal-Mart delegated any duty to the manager or that the manager breached such a duty through personal fault. *Id.* at *3–4. Instead, according to the court, the plaintiff merely alleged, generically, that the store manager "failed to supervise and provide proper training and instructions to Wal-Mart's employees," which does not amount to the breach of a personal duty to ensure the plaintiff's safety. *Rushing*, 2015 WL 1565064 at *4. Accordingly, as a matter of law, plaintiff could not recover against the store manager under Louisiana law.

12

In this case, plaintiff alleges that Quinn is responsible for the injuries she sustained in her trip and fall accident, attributing several acts of negligence, including (1) Failure to consider the safety of others; (2) Failure to maintain the property; and (3) Failure to warn and/or caution patrons of any danger on the premises, to name a few. However, like the plaintiff in *Rushing*, plaintiff's state court petition does not allege that Quinn owed a personal, independent duty to store patrons delegated by Dollar General.  There is no allegation that Quinn breached such a duty through personal, rather than technical or administrative, fault. This seems to be a "case of attempting to place liability on an employee simply because of her general administrative responsibility for performance of some function of employment." *Rushing*, 2015 WL 1565064 at *4 (quoting *Carter v. Wal-Mart Stores, Inc.*, No. Civ.A. 04-0072, 2005 WL 1831092, at *3 (W.D. La. July 28, 2005)).

Because plaintiff's allegations are not sufficient under *Canter* or *Rushing*, to impose personal liability on Quinn, plaintiff's negligence claims against Quinn cannot stand. *See Longino ex rel. JL v. Dolgencorp, LLC*, No. 12-CV-00997, 2012 WL 3146349 (W.D. La. June 25, 2012), *report and recommendation adopted*, No. 12-CV-00997, 2012 WL 3145462 (W.D. La. Aug. 1, 2012) (denying plaintiff's motion to remand, and ruling to dismiss her

negligence claim against Dollar General's district manager because she failed "to assert any allegations or provide any evidence that Dolgencorp delegated any duty to [the district manager]" or that the district manager personally breached his duty.) Thus, Quinn was improperly joined to defeat federal diversity jurisdiction, and must be dismissed from this action. Complete diversity exists between the remaining parties, and federal jurisdiction is proper before this Court.

New Orleans, Louisiana this 3rd day of May, 2022

_____
SENIOR UNITED STATES DISTRICT JUDGE