**EASTERN DISTRICT OF LOUISIANA**

**MYRA ASHMORE**                                                                  **CIVIL ACTION**

**VERSUS**                                                                             **NO. 21-2184**

**DOLGENCORP, LLC,**                                                        **SECTION "B"(4)**
**D/B/A DOLLAR GENERAL**
**CORPORATION**

**ORDER AND REASONS**

Before the Court are defendant's motion for summary judgment (Rec. Doc. 28), plaintiff's opposition memorandum (Rec. Doc. 34), and defendant's reply memorandum in support of its motion for summary judgment (Rec. Doc. 37). For the following reasons,

**IT IS ORDERED** that the defendant's motion for summary judgment (Rec. Doc. 28) is **DENIED**.

**I.  FACTS AND PROCEDURAL HISTORY**

On September 3, 2019, plaintiff filed a petition for damages in the Civil District Court for the Parish of Orleans, alleging gross and wanton negligence on the part of Dolgencorp, LLC ("Dollar General") and its employee, Renee Quinn ("Quinn") (collectively "Defendants"). See Rec. Doc. 1-2.  The petition states that on or about September 1, 2018, plaintiff visited the Dollar General store on Morrison Road in New Orleans, Louisiana. Upon entering, she "turned and fell over a pallet." *Id.*  The pallet was allegedly stacked with cases of water, but no cases surrounded the perimeter of the pallet. *Id.* Because of this, plaintiff allegedly "did not see that the base extended out over a foot from the stack of

1

bottled water." *Id.* Plaintiff tripped and fell over the extended portion of the pallet, resulting in her seeking medical attention for her injuries sustained in the accident. *Id.*

On November 24, 2021, defendants removed the case to this Court, alleging diversity jurisdiction as a basis for removal. Rec. Doc. 1. In their notice of removal, defendants argued the section 1332 one-year removal bar should not apply to this case because defendant had "no notice of the suit and was not served, due to no fault of its own." *Id.* at 2-3. Defendants were eventually served with the lawsuit on June 4, 2021. *Id.*

On December 9, 2021, plaintiff filed a motion for an extension of time to remand, asserting that pending discovery responses would bear on her ability to remand the matter to state court. *Id.* On December 10, 2021, defendants filed a timely opposition, arguing that they provided plaintiff with the requested discovery responses on December 3, 2021. Rec. Doc. 9. On December 23, 2021, the court granted plaintiff's motion in part, but only to allow a remand motion based on lack of subject matter jurisdiction. Rec. Doc. 10.

On December 24, 2021, plaintiff filed a motion to remand, asserting the Court lacked subject matter jurisdiction over this case. Rec. Doc. 11. Plaintiff did not allege the existence of a procedural defect that prevented removal. *Id.* Six days later, plaintiff filed a motion to supplement her motion to remand. Rec.

Doc. 16. In her supplemental memorandum, plaintiff presented more detailed arguments as to how the court lacks subject matter jurisdiction, but she also asserted for the first time a procedural defect in the removal process. *Id.* Specifically, she alleged that defendants' removal was untimely. *Id.* Subsequently, defendants filed an opposition to plaintiff's motion to remand on January 6, 2022. Rec. Doc. 18. On May 4, 2022, this court issued an Order and Reasons denying plaintiff's motion to remand and dismissing Renee Quinn from this litigation as she was improperly joined. Rec. Doc. 31.

On April 25, 2022, defendant Dollar General Corporation ("Dollar General") filed the instant motion for summary judgment, arguing that plaintiff cannot meet her burden of proving liability under the Louisiana Merchant Liability Statute. Rec. Doc. 28. Plaintiff filed a memorandum in opposition on May 9, 2022. Rec. Doc. 34. Thereafter, on May 11, 2022, defendant filed a reply in support of its motion. Rec. Doc. 37.

## II. LAW AND ANALYSIS

### A. Summary Judgment Standard

Pursuant to Federal Rule of Civil Procedure 56, summary judgment is appropriate when "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as

3

a matter of law." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986) (quoting Fed. R. Civ. P. 56(c)). A genuine issue of material fact exists if the evidence would allow a reasonable jury to return a verdict for the nonmoving party. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). As such, the court should view all facts and evidence in the light most favorable to the non-moving party. *United Fire & Cas. Co. v. Hixon Bros. Inc.*, 453 F.3d 283, 285 (5th Cir. 2006).

When the movant bears the burden of proof, it must "demonstrate the absence of a genuine issue of material fact" using competent summary judgment evidence. *Celotex*, 477 U.S. at 323. However, "where the non-movant bears the burden of proof at trial, the movant may merely point to an absence of evidence." *Lindsey v. Sears Roebuck & Co.*, 16 F.3d 616, 618 (5th Cir. 1994). Should the movant meet its burden, the burden shifts to the non-movant, who must show by "competent summary judgment evidence" that there is a genuine issue of material fact. *See Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986); *Lindsey*, 16 F.3d at 618. However, "a party cannot defeat summary judgment with conclusory allegations, unsubstantiated assertions, or only a scintilla of evidence." *See Sec. & Exch. Comm'n v. Arcturus Corp.*, 912 F.3d 786, 792 (5th Cir. 2019).

**B. Louisiana Merchant Liability Act**

This case is governed by the Louisiana Merchant Liability Act, which "places a heavy burden of proof on plaintiffs in claims against a merchant for damages arising out of a fall on the premises." *Ferrant v. Lowe's Home Centers, Inc.*, 494 F. App'x 458 (5th Cir. 2012). Under the Merchant Liability Act, "[a] merchant owes a duty to persons who use his premises to exercise reasonable care to keep his aisles, passageways, and floors in a reasonably safe condition," and this duty "includes a reasonable effort to keep the premises free of any hazardous conditions which reasonably might give rise to damage." La. Stat. Ann. § 9:2800.6(A). The Merchant Liability Act further provides:

> B. In a negligence claim brought against a merchant by a person lawfully on the merchant's premises for damages as a result of an injury, death, or loss sustained because of a fall due to a condition existing in or on a merchant's premises, the claimant shall have the burden of proving, in addition to all other elements of his cause of action, all of the following:
> (1) The condition presented an unreasonable risk of harm to the claimant and that risk of harm was reasonably foreseeable.
> (2) The merchant either created or had actual or constructive notice of the condition which caused the damage, prior to the occurrence.
> (3) The merchant failed to exercise reasonable care. In determining reasonable care, the absence of a written or verbal uniform cleanup or safety procedure is insufficient, alone, to prove failure to exercise reasonable care.

La. Stat. Ann. § 9:2800.6(B). "The burden of proof [under the statute] does not shift to the defendant at any point and failure to prove any one of these elements negates a

plaintiff's cause of action." *Ferrant v. Lowe's Home Centers, Inc.*, 494 F. App'x 458 (5th Cir. 2012) (citing *Melancon v. Popeye's Famous Fried Chicken*, 59 So.3d 513, 515 (La.App. 3 Cir.2011)).

For purposes of summary judgment, Dollar General alleges that plaintiff cannot satisfy her burden of proving all the elements of her claim. Specifically, Dollar General asserts that she cannot provide support for the notion that the pallet created an unreasonable risk of harm. Defendant asserts that the pallet in question was filled high with water, stationary, and plainly visible, thus presenting an open and obvious condition. Plaintiff does not dispute that the pallet constituted an open and obvious condition; rather, she contends that the pallet was hidden beneath broken-down cardboard boxes.

It is well settled that a condition which is open and obvious is not unreasonably dangerous, and a merchant has no duty to protect against it. *See Taylor v. Wal-Mart Stores, Inc.*, Case No. 05-1346, 2006 WL 1476031, *2 (W.D.La.2006); *Reed v. Home Depot, Inc.*, 37,000 (La.App. 2 Cir. 4/9/03); 843 So.2d 588, 592; *Butler v. Doug's IGA*, 34,232 (La.App. 2 Cir. 12/6/00); 774 So.2d 1067, 1071. The cases, *supra*, also support the proposition that a pallet, in and of itself, "does not inherently pose an unreasonable risk of harm." *Reed*, 843

6

So.2d at 592; *see also Ferrant v. Lowe's Home Ctrs., Inc.*, 494 Fed. App'x 458 (5th Cir.2012). Although a pallet may not inherently pose an unreasonable risk of harm, cases have found pallets to be unreasonably dangerous in certain circumstances. *See Butler v. Wal-Mart Stores, Inc.*, Case No. 08-3663, 2009 WL 1507580 (E.D.La. May 26, 2009) (concluding that the case law in Louisiana "[does] not unequivocally establish that pallets are never unreasonably dangerous."); *Stewart v. Wal-Mart Louisiana, LLC*, No. CIV.A. 12-1537, 2013 WL 1838578 (W.D. La. May 1, 2013) ("Although the pallet and box were open and obvious, it is not clear that the piece of the cardboard box extending over the edge of the pallet was open and obvious.")

The Court finds that there is a genuine issue of material fact as to whether the pallet and cardboard boxes extending over the edge of the pallet were unreasonably dangerous. "[I]n order to be open and obvious, the risk of harm should be apparent to all who encounter the dangerous condition." *Broussard v. State ex rel. Office of State Bldgs.*, 2013 WL 1363711 (La.2013). While the water cases were stacked high on the pallet and created an open and obvious condition, the pallet itself protruded well beyond the cases of water. Further, the pallet was allegedly covered by broken down cardboard boxes which not only covered the pallet, but also

7

hung over the sides concealing it. According to plaintiff, she tripped over the "torn boxes and the pallet hidden underneath." Rec. Doc. 34. Thus, the extended cardboard covering the pallet could have arguably led to an unreasonably dangerous condition, e.g. uneven or shifting surface, that was not readily apparent. Accordingly, we cannot say, as a matter of law, that the pallet and cardboard boxes did not create an unreasonably dangerous condition. Under the foregoing circumstances, a reasonable juror must weigh that evidence not the Court.

New Orleans, Louisiana this 25th day of May 2022

_____
SENIOR UNITED STATES DISTRICT JUDGE