UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

**MYRA ASHMORE**                                                    **CIVIL ACTION**

**VERSUS**                                                                **NO. 21-2184**

**DOLGENCORP, LLC,**                                   **SECTION "B"(4)**
**D/B/A DOLLAR GENERAL**
**CORPORATION**

## ORDER AND REASONS

Before the Court is defendant's motion for partial summary judgment on plaintiff's claims for left ankle injury and surgery (Rec. Doc. 48). The motion was filed on December 28, 2022, and set for submission on January 18, 2023. According to Local Rule 7.5, plaintiff's opposition was due January 10, 2023. To date no opposition was filed into the record, therefore defendant's motion will be treated as unopposed. For the following reasons,

**IT IS HEREBY ORDERED** that the defendant's motion for partial summary judgment (Rec. Doc. 48) is **GRANTED;**

**IT IS FURTHER ORDERED** that defendant is directed to file an opposition, if any, to plaintiff's motion for reconsideration of a previously denied motion to remand (Rec. Doc. 51), addressing whether the requisite jurisdictional amount is satisfied in light of granting partial summary judgment, **no later than February 13, 2023**.

## I. FACTUAL BACKGROUND AND PROCEDURAL HISTORY

On September 3, 2019, plaintiff filed a petition for damages in the Civil District Court for the Parish of Orleans, alleging gross and wanton negligence on the part of Dolgencorp, LLC ("Dollar General") and

its employee, Renee Quinn ("Quinn") (collectively "Defendants"). See Rec. Doc. 1-2. The petition states that on or about September 1, 2018, plaintiff visited the Dollar General store on Morrison Road in New Orleans, Louisiana. Upon entering, she "turned and fell over a pallet." *Id.* The pallet was allegedly stacked with cases of water, but no cases surrounded the perimeter of the pallet. *Id.* Because of this, plaintiff allegedly "did not see that the base extended out over a foot from the stack of bottled water." *Id.* Plaintiff tripped and fell over the extended portion of the pallet, resulting in her seeking medical attention for her injuries sustained in the accident. *Id.*

On November 24, 2021, defendants removed the case to this Court, alleging diversity jurisdiction as a basis for removal. Rec. Doc. 1. In their notice of removal, defendants argued the section 1332 one-year removal bar should not apply to this case because defendant had "no notice of the suit and was not served, due to no fault of its own." *Id.* at 2-3. Defendants were eventually served with the lawsuit on June 4, 2021. *Id.*

On December 9, 2021, plaintiff filed a motion for an extension of time to remand, asserting that pending discovery responses would bear on her ability to remand the matter to state court. *Id.* On December 10, 2021, defendants filed a timely opposition, arguing that they provided plaintiff with the requested discovery responses on December 3, 2021. Rec. Doc. 9. On December 23, 2021, the court granted plaintiff's motion in part, but only to allow a remand motion based on lack of subject matter jurisdiction. Rec. Doc. 10.

On December 24, 2021, plaintiff filed a motion to remand, asserting the Court lacked subject matter jurisdiction over this case. Rec. Doc. 11. Plaintiff did not allege the existence of a procedural defect that prevented removal. *Id.* Six days later, plaintiff filed a motion to supplement her motion to remand. Rec. Doc. 16. In her supplemental memorandum, plaintiff presented more detailed arguments as to how the court lacks subject matter jurisdiction, but she also asserted for the first time a procedural defect in the removal process. *Id.* Specifically, she alleged that defendants' removal was untimely. *Id.* Subsequently, defendants filed an opposition to plaintiff's motion to remand on January 6, 2022. Rec. Doc. 18. On May 4, 2022, this court issued an Order and Reasons denying plaintiff's motion to remand and dismissing Renee Quinn from this litigation as she was improperly joined. Rec. Doc. 31.

On April 25, 2022, defendant Dollar General Corporation ("Dollar General") filed a motion for summary judgment, arguing that plaintiff cannot meet her burden of proving liability under the Louisiana Merchant Liability Statute. Rec. Doc. 28. The Court denied defendant's motion. *See* Rec. Doc. 38. On December 28, 2022, defendant filed the instant motion for partial summary judgment on plaintiff's claim for left ankle injury and surgery, arguing that plaintiff presents no evidence supporting medical causation for the alleged injuries she sustained at Dollar General. Rec. Doc. 48. This motion was set for submission on January 18, 2023, giving plaintiff until January 10, 2023 to file an opposition to defendant's motion pursuant to Local Rule 7.5. No opposition has been filed into the record, therefore the motion will be treated as unopposed.

## II. LAW AND ANALYSIS

### A. Summary Judgment Standard

Pursuant to Federal Rule of Civil Procedure 56, summary judgment is appropriate when "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986) (quoting Fed. R. Civ. P. 56(c)). A genuine issue of material fact exists if the evidence would allow a reasonable jury to return a verdict for the nonmoving party. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). As such, the court should view all facts and evidence in the light most favorable to the non-moving party. *United Fire & Cas. Co. v. Hixon Bros. Inc.*, 453 F.3d 283, 285 (5th Cir. 2006).

When the movant bears the burden of proof, it must "demonstrate the absence of a genuine issue of material fact" using competent summary judgment evidence. *Celotex*, 477 U.S. at 323. However, "where the non-movant bears the burden of proof at trial, the movant may merely point to an absence of evidence." *Lindsey v. Sears Roebuck & Co.*, 16 F.3d 616, 618 (5th Cir. 1994). Should the movant meet its burden, the burden shifts to the non-movant, who must show by "competent summary judgment evidence" that there is a genuine issue of material fact. *See Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986); *Lindsey*, 16 F.3d at 618. However, "a party cannot defeat summary judgment with conclusory allegations, unsubstantiated assertions, or only a

scintilla of evidence." *See Sec. & Exch. Comm'n v. Arcturus Corp.*, 912 F.3d 786, 792 (5th Cir. 2019).

### B. Louisiana Merchant Liability Act

This case is governed by the Louisiana Merchant Liability Act, which "places a heavy burden of proof on plaintiffs in claims against a merchant for damages arising out of a fall on the premises." *Ferrant v. Lowe's Home Centers, Inc.*, 494 F. App'x 458 (5th Cir. 2012). Under the Merchant Liability Act, "[a] merchant owes a duty to persons who use his premises to exercise reasonable care to keep his aisles, passageways, and floors in a reasonably safe condition," and this duty "includes a reasonable effort to keep the premises free of any hazardous conditions which reasonably might give rise to damage." La. Stat. Ann. § 9:2800.6(A). The Merchant Liability Act further provides:

> B. In a negligence claim brought against a merchant by a person lawfully on the merchant's premises for damages as a result of an injury, death, or loss sustained because of a fall due to a condition existing in or on a merchant's premises, the claimant shall have the burden of proving, in addition to all other elements of his cause of action, all of the following:
> (1) The condition presented an unreasonable risk of harm to the claimant and that risk of harm was reasonably foreseeable.
> (2) The merchant either created or had actual or constructive notice of the condition which caused the damage, prior to the occurrence.
> (3) The merchant failed to exercise reasonable care. In determining reasonable care, the absence of a written or verbal uniform cleanup or safety procedure is insufficient, alone, to prove failure to exercise reasonable care.

La. Stat. Ann. § 9:2800.6(B). "The burden of proof [under the statute] does not shift to the defendant at any point and failure to prove any one of these elements negates a plaintiff's cause of action." *Ferrant v. Lowe's Home Centers, Inc.*, 494 F. App'x 458 (5th Cir. 2012) (citing

*Melancon v. Popeye's Famous Fried Chicken*, 59 So.3d 513, 515 (La.App. 3 Cir.2011)). Additionally, "in a personal injury lawsuit, the plaintiff bears the burden of proving, by a preponderance of the evidence, a causal relationship between the injury sustained and the incident at issue." *Sorapuru v. Starwood Hotels & Resort Worldwide, Inc.*, No. 12-CV-326, 2013 WL 441081, at *3 (E.D. La. Feb. 5, 2013) (citing *Davis v. Foremost Dairies*, 45-835 (La. App. 2 Cir. 2/16/11); 58 So.3d 977, 984). The Supreme Court of Louisiana stated that "[t]he test for determining the causal relationship between the accident and subsequent injury is whether the plaintiff proved through medical testimony that it is more probable than not that the subsequent injuries were caused by the accident." *Maranto v. Goodyear Tire & Rubber Co.*, 94-2603 (La. 2/20/95); 650 So. 2d 757, 759 (citations omitted).

Defendant contends that plaintiff cannot prove through medical testimony that it is more probable than not that her injuries were caused by the accident. The record indicates that on February 12, 2019, plaintiff's treating physician, in his pre-operative report stated that:

> [Plaintiff is a] 66 year old female with a long history of inversion ankle sprains for years. She was sent to be [*sic*] by another physician after he had tried years of different braces, extensive physical therapy, injections, and activity modifications and weight loss. She continued to have daily ankle instability events that had caused her to take narcotics over the years.

Rec. Doc. 48-3 at 2-3. In his deposition Dr. Russo Testified:

> Q:   Okay. So having treated this patient and in the context of her reporting that she had some fall in a Dollar General store in December 2018, I mean, can you say more probably than not that the surgery was related to an incident that occurred in September 2018?
>
> A:   No. I can't say that.

> Q: Is it more likely than not related to her ongoing degenerative problems and instability in her left ankle that predated that Dollar General incident?
>
> A: Correct. More likely than not the rolling of the ankle multiple times as referenced in this 2016 note along with multiple ankle sprains which could have been at Dollar General or anywhere else lead to a long-term injury of the ankle that failed conservative management so then required surgery.

Rec. Doc. 48-5 at 11-12. Additionally, Dr. Russo testified that in performing the procedure there was no evidence that the surgery was needed due to an "acute trauma," such as the alleged fall at Dollar General. *See id.* at 9-10. Plaintiff's motion to reconsider her previously denied motion to remand seemingly supports defendant's contention that plaintiff's ankle injury was unrelated to her alleged fall. *See* Rec. Doc. 51-1 at 1-2. In her memorandum of support of the motion for reconsideration, plaintiff cites to Dr. Russo's testimony and claims that there was a "mistake of fact," and both parties, including plaintiff, "incorrectly believ[ed] that plaintiff's ankle surgery resulted from her fall at defendant's facility." *See id.* at 2-3.

There is no medical testimony that it is more probable than not that the ankle injuries were caused by the alleged accident. Therefore, for purposes of summary judgment there is an absence of record material evidence to support claims for left ankle injury and noted surgery on same.

New Orleans, Louisiana this 2nd day of February, 2023

_____
SENIOR UNITED STATES DISTRICT JUDGE